FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2008 DEC 16 A 9 42

CLERK _____
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| SHARON B. ELLISON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 108-161 |
| | ) | |
| CHRISTOPHER ABBE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate incarcerated at the Charles B. Webster Detention Center in Augusta, Georgia, commenced this civil action pursuant to 42 U.S.C. § 1983. Plaintiff is proceeding *pro se*, and this matter comes before the Court on Plaintiff's motions for an emergency preliminary injunction and an evidentiary hearing.[1] For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's motions for an emergency preliminary injunction and an evidentiary hearing be **DENIED**. (Doc. nos. 3-1, 3-2).

### I. BACKGROUND

Plaintiff commenced the above-captioned case alleging that Defendants, on various occasions, have conspired and retaliated against her in various ways for exercising her right

---

[1] The Court notes that Plaintiff has not yet been granted permission to proceed *in forma pauperis* ("IFP"), as Plaintiff did not utilize the forms used by incarcerated litigants in the Southern District of Georgia in submitting her complaint and request to proceed IFP; therefore, the Court does not yet have the information necessary to determine whether Plaintiff should be allowed to proceed IFP. (Doc. no. 4). Accordingly, Plaintiff has been directed to re-file her complaint and request to proceed IFP on the proper forms. (Id.).

to access the courts.[2] (See generally doc. no. 1). Relevant to the motion currently before the Court, Plaintiff specifically alleges in her complaint that Defendants Julie Sancken (a/k/a Julie Webb), Abbe, and Keller conspired to have her subjected to a mental health evaluation, mental health treatment, and placement in an "asylum" in the absence of prior mental health problems. (Id. at 20-21). Plaintiff's complaint is not clear as to whether she ever received treatment by mental health professionals or was committed to a psychiatric institution.

In Plaintiff's motion for an emergency preliminary injunction and evidentiary hearing, Plaintiff seeks an injunction preventing all named Defendants from falsifying documents that would result in mental health treatment and from referring Plaintiff for voluntary or involuntary assessment by any mental health public or private facility that provides any sort of treatment to the "disabled." (Doc. no. 3, pp. 2-3, 5). In support of her motion, Plaintiff alleges that Defendants have falsified reports to support their recommendation that Plaintiff receive a mental health evaluation. (Id. at 3). Furthermore, Plaintiff alleges that she has never been treated by "mental health providers," hospitalized for psychiatric illness, involuntarily committed by court order, or prescribed any psychiatric medications. (Id. at 3-4). Plaintiff also requests that an evidentiary hearing be held in reference to this motion for injunctive relief. (Id. at 5).

---

[2]For example, Plaintiff alleges that on June 11, 2008, Defendants Christopher Abbe and Robert Keller had her arrested for a parole violation because she had "prepared and filed several legal papers" with this Court the Richmond County Superior Court. (Doc. no. 1, p. 11). Plaintiff presents several similar allegations in her 36-page complaint, and in a separately filed Order, the Court has instructed Plaintiff to amend her complaint to comply with Fed. R. Civ. P. 8(a)'s requirement that she present a "short and plain statement of the claim showing that [she] is entitled to relief." (See doc. no. 4).

## II. INJUNCTIVE RELIEF REQUIREMENTS

A party moving for injunctive relief must show the following: (1) a substantial likelihood that she will prevail on the merits; (2) a substantial threat that she will suffer irreparable injury if the injunction is not granted; (3) the threatened injury to her outweighs the threatened harm an injunction may cause the opponent; and (4) granting the preliminary injunction will not disserve the public interest. McDonald's Corp. v. Robertson, 147 F.3d 1301, 1306 (11th Cir. 1998) (citing All Care Nursing Serv., Inc. v. Bethesda Mem'l Hosp., Inc., 887 F.2d 1535, 1537 (11th Cir. 1989)). "A preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly establishes the 'burden of persuasion' as to the four requisites." All Care Nursing Serv., Inc., 887 F.2d at 1537.

Plaintiff has not met her burden of persuasion on all four requisites for obtaining injunctive relief. First, she has failed to show that there is a substantial likelihood that she will prevail on the merits of her claims. Fed. R. Civ. P. 65(d) requires requests for injunctions to be specific. Indeed, "[a]n injunction must be framed so that those enjoined know exactly what conduct the court has prohibited and what steps they must take to conform to the law." Sec. & Exch. Comm'n v. Smyth, 420 F.3d 1225, 1233 n.14 (11th Cir. 2005) (citations omitted). However, Plaintiff's motion does not specify which Defendants are involved in the mental health referral process, much less which Defendants take which actions. Rather, Plaintiff merely states in her motion that all Defendants should be enjoined from having her referred, without specifying which actions each should be enjoined from participating in, and the Court will not grant an injunction that gives Defendants no notice of what specific actions are prohibited. Accordingly, Plaintiff has failed to meet her burden of persuasion as the first requisite that would justify injunctive relief.

3

Second, Plaintiff has not shown that there is a substantial threat that she will suffer an irreparable injury. In order to establish the irreparable injury requirement, Plaintiff must show that the threat of injury is "neither remote nor speculative, but actual and imminent." Northeastern Fla. Chapter of Ass'n of General Contractors of Am. v. City of Jacksonville, Fla., 896 F.2d 1283, 1285 (11th Cir. 1990) (quoting Tucker Anthony Realty Corp. v. Schlesinger, 888 F.2d 969, 973 (2d Cir. 1989)); see also Church v. City of Huntsville, 30 F.3d 1332, 1337 (11th Cir. 1994) (in order to obtain injunctive relief, a plaintiff must show "a real and immediate-- as opposed to a merely conjectural or hypothetical-- threat of *future* injury."). To meet this standard, a plaintiff must show "a *likelihood* that irreparable harm will occur." United States v. Emerson, 270 F.3d 203, 262 (5th Cir. 2001) (quoting Wright, Miller & Kane, Federal Practice and Procedure: Civil 2d § 2948.1 at 153-56). However, the future injury need not be an inevitability; "*a strong threat* of irreparable injury . . . is an adequate basis." Id.

In the instant case, Plaintiff requests an injunction that prevents Defendants from falsifying documents and from referring Plaintiff for voluntary or involuntary assessment by any mental health public or private facility. As noted above, Fed. R. Civ. P. 65(d) requires requests for injunctions to be specific--an injunction which merely orders the defendants to obey the law is too broad and too vague to be enforceable. See Burton v. City of Belle Glade, 178 F.3d 1175, 1201 (11th Cir. 1999). Since Defendants are prohibited from falsifying documents already, the Court may not issue an injunction simply instructing them to obey the law. Furthermore, Plaintiff has not provided any evidence in support of her allegations that she will be referred to a public or private mental health facility for assessment if her motion is not granted. Indeed, a review of the docket reveals that Plaintiff is currently incarcerated at Charles Webster Detention Center, not a mental health facility. Thus, it appears that

4

Defendants have not followed through on their alleged "threats" to subject Plaintiff to mental health treatment and confine her to a mental health facility, despite her current incarceration. Accordingly, Plaintiff has failed to demonstrate that if the motion is not granted, there is a real risk of imminent, irreparable injury.

In sum, Plaintiff has failed to demonstrate a substantial likelihood of success on the merits of her claims or that there is a substantial threat of irreparable injury if her motion is not granted. Therefore, she has failed to meet her burden of persuasion on all four requisite elements for injunctive relief. Because the Court finds that Plaintiff has failed to meet her burden of persuasion as to these requisites and is not entitled to injunctive relief, her motion for an evidentiary hearing on this issue should also be denied.

### III. CONCLUSION

For the reasons stated above, the Court the Court **REPORTS** and **RECOMMENDS** that Plaintiff's motions for an emergency preliminary injunction and an evidentiary hearing be **DENIED**. (Doc. nos. 3-1, 3-2).

SO REPORTED and RECOMMENDED this 16th day of December, 2008, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE