FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2009 MAR 16 PM 2:51

CLERK C Adams
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | |
|---|---|
| SHARON B. ELLISON, | ) |
| Plaintiff, | ) |
| v. | ) CV 108-161 |
| CHRISTOPHER ABBE, et al., | ) |
| Defendants. | ) |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff filed the above-captioned civil rights case pursuant to 42 U.S.C. § 1983. She is proceeding *pro se* and has requested permission to proceed *in forma pauperis* ("IFP"). However, Plaintiff did not utilize the forms used by incarcerated litigants in the Southern District of Georgia, and on December 9, 2008, the Court directed Plaintiff to re-file her complaint and IFP motion within thirty (30) days because Plaintiff's filings did not provide the Court with the information necessary to determine whether she should be allowed to proceed IFP. (Doc. no. 4, p. 1). Plaintiff was warned that failure to comply would result in a recommendation that her case be dismissed without prejudice. (Id. at 2).

Instead of filing the proper paperwork, Plaintiff proceeded to file objections to the December 9th Order, contending that the required forms requested information outside the scope of 28 U.S.C. § 1915(a). The Honorable J. Randal Hall, United States District Judge, overruled those objections in an Order dated January 26, 2009. (Doc. no. 10, p. 1 n.1).

Despite the overruling of her objections, Plaintiff still failed to submit her complaint and IFP motion on the proper forms, and on February 17, 2009, the undersigned granted Plaintiff ten (10) additional days to submit the requisite paperwork. (Doc. no. 13, p. 2). Plaintiff was again cautioned that failure to comply after this ten-day extension would "undoubtedly" result in a recommendation that her case be dismissed for want of prosecution. (Id. (citing Loc. R. 41.1(c))). The time for responding to this most recent Order has expired, and unfortunately, Plaintiff has not submitted the documents required by the Court's Orders.[1]

The Eleventh Circuit has stated that "[a] district court has inherent authority to manage its own docket 'so as to achieve the orderly and expeditious disposition of cases.'" Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc., ___ F.3d ___, No. 07-11342, 2009 WL 250601, at *4 (11th Cir. Feb. 4, 2009) (quoting Chambers v. Nasco, Inc., 501 U.S. 32, 43 (1991)). This authority includes the power to dismiss a case for failure to prosecute or failure to comply with a court order. Id. (citing Fed. R. Civ. P. 41(b)); see also Hyler v. Reynolds Metal Co., 434 F.2d 1064, 1065 (5th Cir. 1970)[2] ("It is well settled that a district court has inherent power to dismiss a case for failure to prosecute . . . ."). Moreover, the Local Rules of the Southern District of Georgia dictate that an "assigned Judge may, after notice to counsel of record, *sua sponte* . . . dismiss any action for want of

---

[1]In addition, Plaintiff cannot proceed IFP unless she submits the requisite Trust Fund Account Statement and consents to the collection of the entire $350.00 filing fee in installments. Wilson v. Sargent, 313 F.3d 1315, 1319, 1321 (11th Cir. 2002) (*per curiam*) (citing 28 U.S.C. § 1915). Plaintiff's failure to file a proper IFP motion prevented this case from progressing to the point where she would be required to complete and return those forms.

[2]In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

prosecution, with or without prejudice . . . [for] failure to prosecute a civil action with reasonable promptness." Loc. R. 41.1(c).

The test for determining the appropriateness of dismissal is whether there is "a clear record of delay or willful contempt and a finding that lesser sanctions would not suffice." Goforth v. Owens, 766 F.2d 1533, 1535 (11th Cir. 1985). Here, Plaintiff's failure to comply with the Court's December 9th and February 17th Orders amounts not only to a failure to prosecute, but also an abandonment of her case. This is precisely the type of neglect contemplated by the Local Rules. Furthermore, because Plaintiff sought permission to proceed IFP, the Court finds that the imposition of monetary sanctions is not a feasible sanction.

However, the Court recognizes that Plaintiff is proceeding *pro se*, and courts have voiced a dislike for the harshness of dismissing a *pro se* case with prejudice prior to an adjudication on the merits.[3] See, e.g., Minnette v. Time Warner, 997 F.2d 1023, 1027 (2d Cir. 1993); Dickson v. Ga. State Bd. of Pardons & Paroles, No. 1:06-CV-1310-JTC, 2007 WL 2904168, at *6 (N.D. Ga. Oct. 3, 2007). Thus, the Court is not persuaded that it would be appropriate to dismiss the instant action with prejudice. The Court is not permanently barring Plaintiff from bringing a meritorious claim. It is simply recommending dismissing the case without prejudice until such time as Plaintiff is willing to file her case <u>and pursue it</u>.

---

[3]Unless the Court specifies otherwise, a dismissal for failure to prosecute operates as an adjudication on the merits. See Fed. R. Civ. P. 41(b).

In sum, Plaintiff has been directed repeatedly to submit the requisite forms and has been warned of the consequences of her failure to comply on multiple occasions. As Plaintiff has failed to submit a proper complaint and IFP motion, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's motion to proceed IFP be **DENIED** (doc. no. 2), this case be **DISMISSED** without prejudice, and that this case be **CLOSED**.

SO REPORTED and RECOMMENDED this 10th day of March, 2009, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE